UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RESIDENTIAL FENCES CORP., et al,

                        Plaintiff,                **ORDER**

      -against-                                  14-CV-2552 (JMA) (SIL)

RHINO BLADES, INC., et al

                        Defendants.
------------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

      Presently before the Court is the letter motion of Defendants Rhino Blades Inc., Tomer Yuzary, and Angela Yuzary (collectively "Defendants") for an order barring, as untimely, a request for admissions and any subsequent discovery demands from Residential Fences Corp. and Laser Industries, Inc., (collectively "Plaintiffs"). *See* DE [43]. Plaintiffs filed no opposition. For the reasons set forth below Defendants motion is granted.

      Although Rule 36 requests for admission may properly be classified as something other than discovery devices, the general discovery cutoff date set by the court applies to them in the same manner as it does to interrogatories and document demands. *See Revlon Consumer Prod. Corp. v. Estee Lauder Companies, Inc.*, No. 00 CIV. 5960, 2001 WL 521832, at *1 (S.D.N.Y. May 16, 2001) (quoting 2 Michael C. Silberberg, *Civil Practice in the Southern District of New York* § 23.04 at 23–6 (2d ed. 2001) ("Even though they are not a discovery device, requests for admission must nonetheless be served before the discovery cut-off."); 7 James W. Moore, *Moore's Federal Practice* § 36.02[2] at 36–11 (3d ed. 2000) ("Generally, the limitations and deadlines applicable to other discovery devices also apply to requests for admissions.")); *see also In re S.W. Bach & Co.,* No. 07-11569, 2010 WL 681000, at *2 (Bankr. S.D.N.Y. Feb. 24, 2010) (quoting Wright, Miller & Marcus, *Federal Practice & Procedure: Civil 2d* § 2257 (2d. ed. 1994)) ("Even though

they are not technically discovery requests, requests for admissions have been held subject to discovery cutoff dates"). Therefore, extending applicable deadlines and/or reopening discovery for requests for admissions would necessitate a showing of good cause and the court's consent. Fed. R. Civ. P. 16(b). Under Rule 16(b) of the Federal Rules of Civil Procedure, good cause requires that the moving party demonstrate that it cannot reasonably meet the scheduled deadlines despite exercising due diligence. *See Vilkhu v. City of N.Y.*, No. 06-CV-2095, 2007 WL 2713340, at *5 (E.D.N.Y. Sept. 13, 2007) (citing *Gray v. Town of Darien,* 927 F.2d 69, 74 (2d Cir.1991)). One of the considerations the court may take into account in determining whether good cause has been shown is "the phase of the litigation and the prior notice to the parties." *See Vilkhu*, 2007 WL 2713340, at *5 (citing *Gavenda v. Orleans County*, 1996 WL 377091, at *1 (W.D.N.Y.1996)) (holding that magistrate judge's finding of good cause was not an abuse of discretion where request for extension of discovery was at least partially based upon newly discovered evidence and when the expert discovery deadline had not yet passed).

In the instant matter, the Court held a status conference on March 23, 2016 and granted Plaintiffs' request to extend the discovery deadline, specifically allotting time for Defendants to respond to Plaintiffs' discovery demands on or before April 25, 2016 and for two depositions to be completed on or before May 27, 2016. *See* DE [35]. The Court then set a final pretrial conference for June 30, 2016 and ordered the parties to file a proposed joint pretrial order on or before June 27, 2016. *Id.* At that time, the Court admonished both Plaintiffs and Defendants, "There will be no further extensions of the deadlines absent extenuating circumstances." *See id.* The pretrial conference was adjourned until September 23, 2016. *See* DE [38], [39], [40]. On September 22, 2016, the eve of that final pretrial conference, Plaintiffs filed a letter requesting an adjournment. *See* DE [41] In that letter, Plaintiffs implicitly acknowledged that they did not

petition the Court for an extension of discovery or ask for any other form of leave prior to serving on Defendants their request for admissions regarding 750 documents. *See id.* Plaintiffs stated only that compiling the request for admissions in a "paper case," such as this, involved "highly detailed" work and that having Defendants respond "will save an enormous amount of time should this case ever proceed to trial." *See id.* Defendants did not consent to the adjournment, and instead filed a proposed pretrial order. *See* DE [42].

Under these circumstances, the Court finds that Plaintiffs' request for admissions is untimely and that they have failed to establish good cause necessary to reopen or extend discovery. Assertions that this matter is a "paper case" and that creating the request for admissions at issue was "highly detailed" work do not substantiate the reasonable diligence necessary to a finding of good cause as required under Rule 16 or the "extenuating circumstances" required by the Court's March 23, 2016 order. *See, e.g., Kaba v. Delight Const. Corp.*, No. CV2008-2594, 2009 WL 2929235, at *1 (E.D.N.Y. Sept. 9, 2009) (finding insufficient cause to reopen discovery where moving party had relevant information for five months prior to the application and had not articulated a satisfactory explanation as to its lack of diligence). Further, the post hoc context of these arguments and the fact that Plaintiffs first raised them 118 days after the final discovery deadline strongly suggest a lack of good cause and support the Court's determination not to reopen or otherwise extend discovery. *See, e.g., Am. Dream Enterprises Corp. v. Mana Prod., Inc.,* No. 06-CV-3354, 2009 WL 1291561, at *2 (E.D.N.Y. May 8, 2009) (finding no good cause shown to reopen discovery four-and-a-half months after it had closed where moving party had not previously requested an extension or indicated any issues might make the deadlines unreasonable, and where the moving party inexplicably delayed making their motion for over two months).

Accordingly, and because the instant motion also is unopposed, Defendants' motion to bar Plaintiffs' request for admissions is granted.

Dated: Central Islip, New York  
October 20, 2016

**SO ORDERED:**

 s/ Steven I. Locke  
STEVEN I. LOCKE  
United States Magistrate Judge