UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
RESIDENTIAL FENCES CORP. and LASER
INDUSTRIES INC.,

        Plaintiffs,    **MEMORANDUM AND**
 -against-             **ORDER**

RHINO BLADES INC., TOMER YUZARY, and  14-cv-2552 (SIL)
ANGELA YUZARY,

        Defendants.
---------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

  Presently before the Court in this fraud, conversion, theft, unjust enrichment, and demand for a full accounting action brought pursuant to this Court's diversity jurisdiction, is a letter motion *in limine* filed on October 31, 2019 by Defendants Rhino Blades Inc. ("Rhino Blades"), Tomer Yuzary, and Angela Yuzary ("Defendants").[1] Defendants seek an order barring Plaintiffs from using certain documents at trial because they are "confident" that these documents were produced late in violation of various court orders. *See* Motion *in Limine* ("Def. Ltr. Motion"), Docket Entry ("DE") [78], 1.[2] Specifically, Defendants assert that Plaintiffs failed to timely produce UPS shipping labels for 2006, 2007, 2008 and part of 2009, as well as American Express receipts from October 2012-September 2013. *See id.*, 4. As a result, these documents

---

[1] This action is proceeding before this Court for all purposes pursuant to the parties' consent. *See* DE [68]; 28 U.S.C. § 636.

[2] Because Defendants did not include page numbers in this filing, the page citations are to the document as it appears on ECF.

1

should be precluded at trial.[3] For the reasons set forth below, Defendants' motion is denied.

I.   **Background**

The following description of Plaintiffs' claims are taken from the Proposed Pre-Trial Order and are provided for context purposes only. According to Plaintiffs, from around October 2004 to September 2013, Defendants devised a scheme to commit fraud against them, including using the United States Postal Service and interstate phone lines to communicate with the American Express Company and advise that Defendants were authorized to charge and accept payment from an American Express Credit Card Account that was owned by Plaintiffs. *See* Proposed Pre-Trial Order, ¶¶4a., b. Plaintiffs claim that Defendants sold them steel cutting blades,[4] and

---

[3]   On October 16, 2019, which was prior to filing their motion on October 31, 2019, Defendants filed a joint proposed pre-trial order containing their objections, which also included Plaintiffs' proposed exhibit lists. *See* Proposed Order, DEs [77], [77-1]. On November 19, 2019, Plaintiffs filed what appears to be a joint proposed pre-trial order containing both parties' objections. *See* "Proposed Pretrial Order by Laser Industries, Inc.," ("Proposed Pre-Trial Order"), DE [80].

According to the Proposed Pre-Trial Order, Plaintiffs' list of bates-stamped exhibits they seek to admit, grouped by category of document, are: American Express Credit Card Records, Checks Issued for Payments of Shipments, UPS Shipping Labels, Payment Summaries, Spreadsheets, a Blade Weight/Price Chart, "Rhino Blades Invoice History," "Overcharge Chart," Email Print Outs Between Parties, and a List of all bates numbers. *See* Exhibit Attachment C to Proposed PTO by Laser Industries Inc., DE [83]. The Proposed Pre-Trial Order also cross references Plaintiffs' "Memorandum of Law Re: Pre-Trial Discovery/Evidence Issues" ("Plaintiffs' Pre-Trial Memo" or "Pl. Pre-Trial Mem."), which Plaintiffs filed with the Court on April 24, 2017, and refiled on November 19, 2019, *see* DEs [50], [81]. Plaintiffs state that their Pre-Trial Memo contains a list of the exhibits Plaintiffs seek to admit in chronological order with bates-numbers. *See* Proposed Pre-Trial Order, 8. According to Plaintiffs' Pre-Trial Memo, they seek to admit: Spreadsheets, Invoice Lists, UPS Shipping Labels, and American Express Payment Records for various time periods, each spanning about the length of a year from November 2004 through September 13, 2013. *See* Pl. Pre-Trial Mem., 18-23.

[4] According to the Complaint, Defendant Tomer M. Yuzary is the Vice President of Rhino Blades and Defendant Angela Yuzary is the President of Rhino Blades and wife of Defendant Tomer M. Yuzary. *See* Complaint, DE [1], ¶¶ 9-10. Plaintiffs allege that Defendant Angela Yuzary "actively participated" in sending blades to Plaintiff Residential Fences Corp. and/or Plaintiff Laser Industries Inc. and "is charged" by Rhino Blades "with producing records of sales and purchases from" Rhino Blades to

2

falsely advised American Express that they had shipped a certain amount of blades, and that they had the authority to charge the account. *Id.* ¶ 4c. Plaintiffs allege that Defendants knowingly billed the account for a larger number of blades than were shipped, and that Defendants knew they did not have the authority or permission to bill the credit card in the amounts charged. *Id.* ¶¶ 4d., e. Further, Plaintiffs claim that at other times Defendants would ship a small number of blades through UPS marked as "COD,"[5] resulting in a check being issued for the invoiced amount that was for more than the value of the blades shipped. *Id.* ¶ 4g. As a result, Plaintiffs allege that Defendants defrauded them in the sum of at least $1,800,000. *Id.* ¶¶ 4h., i. Defendants deny all liability. *See id.* ¶5.

## II. Procedural History

The Complaint was filed on April 22, 2014. *See* Complaint. Below is a portion of the numerous discovery-related events that took place in this matter, which include various adjournments and extensions of deadlines. *See generally* Docket.

The initial conference took place on October 7, 2014, wherein a scheduling order was entered that required, *inter alia*, exchange of Rule 26(a)(1) disclosures and service of first sets of interrogatories and document demands by October 28, 2014. *See* DE [16]. Responses were due by November 28, 2014, depositions were to be

---

Plaintiffs. *Id.* ¶10. However, the Proposed Pre-Trial Order does not distinguish the roles of the three defendants in the section containing the summary of Plaintiffs' claims, and states that "the Defendants acting together and individually conspired together" in "devising a scheme" to defraud Plaintiffs. Proposed Pre-Trial Order, ¶4a. In the Proposed Pre-Trial Order, Defendants include as an affirmative defense that Defendants Tomer A. Yuzary and Angela Yuzary were acting within the scope of their employment as agents of Rhino Blades, and thus are not proper parties to the Complaint. *Id.* ¶5a.

[5] Plaintiffs do not define "COD" in their submission, but the Court assumes they mean "cash on delivery."

3

completed by April 15, 2015, and a pretrial conference was set for July 1, 2015. *Id.* At a status conference on February 10, 2015, the deadline for exchange of written discovery was extended to March 16, 2015. *See* DE [23].

At the conference on July 1, 2015, the Court amended the scheduling order to allow Plaintiffs' outstanding discovery responses to be served without objection on or before July 31, 2015 and scheduled the pretrial conference for February 29, 2016. *See* DEs [27], [28].

On July 31, 2015, Plaintiffs filed a letter motion requesting that the Court extend the discovery date for completion of interrogatory responses and document production. *See* DE [29]. The Court granted Plaintiffs' request, allowing their outstanding discovery responses to be served without objection on or before August 12, 2015. *See* Electronic ORDER granting 29 Motion for Extension of time to Complete Discovery, dated August 6, 2015.

At a March 23, 2016 conference, Plaintiffs' oral motion for an extension of the discovery deadline was granted. *See* DE [35]. This extension specifically required Defendants to respond to Plaintiffs' outstanding discovery requests on or before April 25, 2016 and permitted Plaintiffs to take two depositions on or before May 26, 2016. *Id*.

After this conference, Defendants filed a motion to amend the Court's previous discovery order so that both Plaintiffs and Defendants would be allowed to take up to two depositions on or before May 27, 2016, which was granted. *See* Electronic ORDER granting 37 Motion to Amend/Correct/Supplement, dated April 21, 2016.

On September 22, 2016, Plaintiffs filed a letter requesting an adjournment of the following day's scheduled pretrial conference because of a set of requests for admissions that they served on Defendants. *See* DE [41]. In their request, Plaintiffs asserted that the requests for admissions were focused on approximately 750 previously served documents, which were provided again with the request. *See id.* According to Plaintiffs, the documents consisted of American Express Payment receipts, checks drawn on Plaintiff Laser Industries Inc.'s checking account to pay for packages sent by Defendants, UPS shipping labels, nine spreadsheets containing "virtually" all the data in the documents, in addition to "arithmetic summaries" of Plaintiff's claims, and a "a few miscellaneous documents." *Id.*

In response, Defendants wrote the Court stating that they do not object to Plaintiffs' request to adjourn the conference but do object to the "extremely late discovery requests." DE [42]. Included with Defendants' submission was a proposed pretrial order which they state was drafted with Plaintiffs' input in late July before the previously scheduled pretrial conference. *Id.*, DE [42-1].

The Court granted the motion and adjourned the conference to October 24, 2016. *See* Electronic ORDER granting 41 Motion to Adjourn Conference, dated September 22, 2016.

On September 30, 2016, Defendants filed a motion seeking an order barring as untimely Plaintiffs' request for admissions. *See* DE [43]. The Court granted Defendants' motion by way of an October 20, 2016 written order. *See* DE [44].

5

Next, at a conference on October 24, 2016, the Court ordered, *inter alia*, that "any outstanding discovery issues must be fully briefed in advance" of the next conference scheduled for November 28, 2016. *See* DE [45].

A joint motion to adjourn the November 28, 2016 conference was then filed and granted, DE [46], followed by a series of joint requests for adjournments that were also granted. *See* DEs [47]-[49]. Eventually, the conference was scheduled for May 1, 2017, and the Court advised the parties that "any and all discovery disputes not raised in writing and filed on ECF on or before 4/25/2017 will be deemed waived." Electronic ORDER granting DE 49, Motion to Adjourn Conference, dated March 30, 2017.

On April 24, 2017, Plaintiffs proceeded to file a series of documents, which included Plaintiffs' Pre-Trial Memo. *See* DEs [50]-[52].

On April 25, 2017, Plaintiffs filed an "Addendum to Memorandum of Law Re: Pre-Trial Discovery/Evidence Issues," ("Plaintiffs' Pre-Trial Memo Addendum" or "Pl. Pre-Trial Mem. Add."), and then refiled the document, along with a letter asserting that they needed to refile because they failed to attach exhibits. *See* DEs [53]-[55]. Among other topics addressed are the categories of evidence Plaintiffs seek to admit, the basis for admission, and the proposed exhibits organized by year and bates-stamp number. *See* DEs [50], [53], [54].

In their Pre-Trial Memo, Plaintiffs state that all the bates-stamped documents had been previously provided to Defendants in September 2016 but were now renumbered. Pl. Pre-Trial Mem., 3. However, Plaintiffs state within Plaintiffs' Pre-

6

Trial Memo Addendum[6] that the *newly* numbered documents were provided in September 2016. Pl. Pre-Trial Mem. Add., 2 (emphasis added).[7]

On April 30, 2017, Defendants filed a letter responding to Plaintiffs' April 24 and 25, 2017 filings. *See* Letter to Judge Locke Re: Full Objection to Plaintiffs' Requests to Reopen Barred Discovery and Summary Documents, DE [57]. In the letter, Defendants state that they do not object to the renumbering of previously produced documents "so long as those documents were produced during the discovery period and were not altered as part of this reproduction." *Id.* at 2.

Presently before the Court is Defendants' motion *in limine* to preclude Plaintiffs' use of purportedly late produced documents at trial.

### III. Discussion

#### A. Applicable Standards

Defendants do not cite to a single case or Federal Rule of Civil Procedure in support of their motion. Accordingly, the Court applies Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37(b)(2)(A)(ii), which provides in relevant part that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" which includes "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); *see World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir.

---

[6] Neither party referenced Plaintiffs' Pre-Trial Memo Addendum in their submissions.
[7] Because Plaintiffs did not include page numbers in this filing, the page citations are to the document as it appears on ECF.

7

2012) ("Federal Rule of Civil Procedure 37 governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct."). In seeking sanctions under Fed. R. Civ. P. 37, Defendants bear the burden of demonstrating that Plaintiffs failed to timely produce documents. *See Oleg Cassini, Inc. v. Electrolux Home Products, Inc.*, No. 11-cv-1237, 2013 WL 3056805, at *3 (S.D.N.Y. June 19, 2013) (citing *Benitez v. Straley,* No. 01-CV-0181, 2008 WL 400894, at *1 (S.D.N.Y. Feb. 14, 2008)) ("The party requesting sanctions has the initial burden of demonstrating that the production is insufficient."); *see also Markey v. Lapolla Indus., Inc.,* No. 12-cv-4622, 2015 WL 5027522, at *16 (E.D.N.Y. Aug. 25, 2015), *report and recommendation adopted*, No. 12-cv-4622, 2016 WL 324968 (E.D.N.Y. Jan. 26, 2016) (quoting *A.V.E.L.A., Inc. v. Estate of Monroe,* No. 12–cv–4828, 2014 WL 715540, at *4 (S.D.N.Y. Feb. 24, 2014), *adhered to on reconsideration,* 2014 WL 1408488 (S.D.N.Y. Apr. 11, 2014)) (stating, in the context of sanctions pursuant to Fed. R. Civ. P. 37(c), "[t]he party seeking Rule 37 sanctions bears the burden of showing that the opposing party failed to timely disclose information.").

Several factors are used to evaluate a district court's imposition of sanctions, which include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New England Tel.Co. (SNET) v. Global NAPs Inc.,* 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Agiwal v.*

*Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir.2009)). The district court has "wide discretion" in imposing sanctions under Fed. R. Civ. P. 37. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007).

### B. <u>Defendants' Motion</u>

Defendants' motion is denied for two reasons: (i) Defendants fail to sufficiently establish that Plaintiffs' documents were produced late in violation of court orders; and (ii) Defendants fail to identify with sufficient specificity which documents they seek to preclude.

### i. *Failure to Establish Late Production*

As set forth above, the Court extended the discovery deadline for Plaintiffs to produce documents to August 12, 2015. Defendants' four-page letter motion contains a single heading, "Procedural/Discovery History." *See* Def. Ltr. Motion. Yet, the first two pages of the motion set out Defendants' views of the sufficiency of Plaintiffs' production prior to the extension of discovery deadlines, largely centered around Plaintiffs' Initial Disclosures and related correspondence from June 30, 2015. *See* Def. Ltr. Motion*,* 1,2; Exs. B-F. Defendants point to paragraphs 6 and 7 of page 4 of Plaintiffs' Initial Disclosures, dated June 28, 2015. *See* Def. Ltr. Motion, 1-2; *id.* at Ex. C. Paragraph 6 of Plaintiffs' Initial Disclosures state that the documents provided include, *inter alia*, "[a]n invoice summary of all American Express credit card charges and check charges as well as a copy of all American Express credit card charges provided by American Express for the periods of 10/06-9/07; 10/07-9/08; 10/08-9/09; 10/09-9/10; 10/10-9/11; 10/11-9/12; 10/12-9/13 *[this time period is without*

9

*American Express records but they will be provided]* [Ex. 6]" (emphasis added). *See id.*, 4, ¶ 6. Paragraph 7 states "[c]opies of all UPS shipping labels showing all shipments which were paid for by credit card for the year periods [*sic*] 2009; 2010; 2011; 2012; 2013 [Ex. 7] *[Copies of shipping labels for the years 2006; 2007 and 2008n [sic] are currently being sought and will be provided].*" Def. Ltr. Motion, Ex. C, 4, ¶ 7 (emphasis added). Defendants assert that these paragraphs serve as an admission that the disclosures were deficient and incomplete, as Plaintiffs were "still seeking discovery in the form of documents and billings for a specific time frame." Def. Ltr. Motion, 2. Although Defendants do not specify what about these paragraphs demonstrates that the disclosures were incomplete, the Court assumes Defendants are referring to the placement of the bracketed language after 10/12-9/13 in Paragraph 6, and the placement of the bracketed language after 2013 for the UPS shipping labels in Paragraph 7. In Plaintiffs' Opposition, they assert regarding the placement of the brackets for the American Express records: "I recollect that this statement refers to the time period of Oct. 2004 to Sept 2006 [*sic*] and the reason there were no American Express records for that time period was that the American Express Account was not being used at that time. Otherwise an invoice summary and copies of all AM Ex [*sic*] documents were provided. [The portion of that paragraph that is in parenthesis should have been located after the first period described.] [*sic*]" Pl. Opp., 7. Plaintiffs further state for the UPS shipping labels: "[t]hese documents were provided and I believe that was done on July 1, 2015 at the court conference." *Id.* Both Parties point to a June 30, 2015 email that Plaintiffs sent Defendants and

10

a June 30, 2015 letter Plaintiffs filed with the Court in support of their positions regarding the sufficiency of Plaintiffs' document production at this time. *See* Pl. Opp., 7; Ex. 2 to Plaintiffs' Opposition, DE [88-2]; Def. Ltr. Motion, 1-2; Exs. B, F to Def. Ltr. Motion.[8] Further, Defendants assert that on July 1, 2015, Plaintiffs came to the courthouse with documents that were "devoid of the necessary proofs for UPS shipping labels for 2004 to 2008 (paragraph 7 of Exhibit C) and the American Express documents (paragraph 6 of Exhibit C)." Def. Ltr. Motion, 2. Moreover, Defendants argue that they possess "the original and first aforementioned production of documents and will readily provide them for the court's inspection," but offer no further details concerning the documents. *Id.*

Plaintiffs should have been able to point to precisely when they produced the documents in their opposition.[9] However, Plaintiffs' Initial Disclosures, the email,

---

[8] In the email, Plaintiffs state that they sent "a copy of our Rule 26 discovery" the day before, but that it "did not include a copy of ex 4 and ex 5 [*sic*]," which are a spreadsheet with "relevant data" and a document explaining the spreadsheet. Def. Ltr. Motion, Ex. B. The email further states that the submission includes all of the supporting documents consisting of UPS shipping labels for the year 2012, and that Plaintiffs will provide copies of the UPS shipping labels for the years 2009, 2010, 2011, and 2013 at the next day's Court appearance. *Id.* Finally, the email states that Plaintiffs will be completing data entry into the spreadsheet by July 15 and will then provide Defendants a copy, and that this "will complete all documentary discovery." *Id.* In the letter, which appears to be in reference to the email Plaintiffs sent Defendants, Plaintiffs state that, the day before, they forwarded "virtually all discovery documents and witness list to Defendants," they sent two additional exhibits by email, and by the end of the day, they will have forwarded Plaintiffs' Interrogatories. *See* DE [25]. Plaintiffs further state that that "[t]here will remain some data entry" for the spreadsheet, which will be forwarded to Defendants by the end of the day, and that "this submission will virtually complete the providing of all discovery documents save for a small number of support documents to our spread sheet and some additional data entries which will be completed by July 15, 2015. By that date, Plaintiffs will have responded to Defendant's interrogatories." *Id.*

[9] In Plaintiffs' Opposition, they request that their newly numbered bates-stamped documents "be permitted to be used at trial in their totality." Pl. Opp., 19. To the extent that this is a request for this Court to rule on the admissibility of that evidence at this juncture, the court declines to do so.

11

and letter that Defendants point to do not serve as proof that the American Express receipts and UPS shipping labels referenced were untimely produced. Neither does Defendants' contention that they possess the document production from July 1, 2015. As set forth above, at the July 1, 2015 conference, the deadline for Plaintiffs to produce discovery was extended to July 31, 2015, which was later extended again. Thus, the bracketed language in Plaintiffs' June 28, 2015 Initial Disclosures, and June 30, 2015 correspondence, do not support this Court limiting the use of documents on timeliness grounds.

Next, Defendants point to a March 22, 2016 proposed joint pre-trial order that they assert they received from Plaintiffs, *see* Ex. H to Def. Ltr. Motion, and argue that it shows that Plaintiffs had still not provided the necessary documents. *See* Def. Ltr. Motion, 3. Although Defendants do not identify which page or paragraph they are referring to in their exhibit, the Court assumes they are referring to Plaintiffs' list of exhibits to be offered into evidence which include, *inter alia*, the same exact bracketed language from Plaintiffs' Initial Disclosures at paragraph 6 and 7 as set forth above stating "10/12-9/13 *[this time period is without American Express records but they will be provided]*" and "*[Copies of shipping labels for the years 2006; 2007 and 2008n [sic] are currently being sought and will be provided].*" *See* Ex. H to Def. Ltr. Motion, ¶ 15 f, g.

Plaintiffs argue that this is a "cut and paste" list from Plaintiffs' Initial Disclosures and reassert that they timely provided the documents. Pl. Opp., 13. Defendants counter that "[t]his is not a typo mistake or a cut and past [*sic*] mistake,"

12

as they've "reviewed [their] records, plaintiff's [sic] submissions, emails, correspondences, etc." and they "reiterate that, even if plaintiff does complain or provide some 'proof' of submission in or around this time, it is woefully late of the July 1, 2015 order." Def. Ltr. Motion, 3.

It is unclear to the Court why Defendants failed to provide any evidence demonstrating when they received these documents, particularly if they were "woefully late." In any event, the Court again cannot conclude solely from this early version of a proposed pre-trial order that Plaintiffs failed to timely provide documents without additional information regarding which documents were received when.

Finally, Defendants assert that Plaintiffs' Pre-Trial Memo, Ex. M to Def. Ltr. Motion, DEs [50], [81], demonstrates that Plaintiffs did not provide their final document production until September of 2016 and state "[o]ur office is in possession of bates stamped documents. Which again, we can and will produce for the court's review [sic]." Def. Ltr. Motion, 3. In Plaintiffs' Pre-Trial Memo, they state: "[a]ll of the Bates stamped documents addressed in this memorandum are Bates Stamped 0000001-0000755. All have been have been [sic] previously provided to Defendants although numbered slightly differently. *They were previously numbered 1-773 and were provided on or about Sept. 2016* in response to Defendants' document demand. The documents are identical except for perhaps a correction to an entry on a summary spread sheet based on a review of the evidence." Plaintiffs' Pre-Trial Memo, 3 (emphasis added).

13

Plaintiffs counter that the September 2016 production was in reference to a re-bates stamping of the documents, and that much of this production consisted of spreadsheets and charts that were not discovery documents. Pl. Opp., 14. In support of this assertion, Plaintiffs point to their September 22, 2016 letter to the Court. *See* DE [41]. As set forth above, in the letter, Plaintiffs requested an adjournment of the following day's pretrial conference because of a set of requests for admissions that they served on Defendants, and asserted that the requests for admissions were focused on approximately 750 documents, copies of which had been previously provided, and were provided again with the request. *Id.* Ultimately, Defendants filed a motion seeking an order barring Plaintiff's request as untimely, which was granted. *See* DEs [43], [44].

Although neither party pointed to it in their submissions, the Court observes that in Plaintiffs' Pre-Trial Memo Addendum, they state that it was the newly numbered documents that were provided to Defendants in September 2016, and that Plaintiffs seek to have those documents substituted for the original production, but that the actual documents are all the same. *See* Pl. Pre-Trial Memo Add. This statement is consistent with Plaintiffs' position that all responsive documents were produced in a timely fashion.

In any event, Defendants conclude their motion by stating, "[a]s found for in the aforementioned documents, almost seemingly admitted by plaintiff's [*sic*] counsel, plaintiff [*sic*] failed to timely provided [*sic*] the UPS shipping labels for 2006, 2007, 2008, and partially 2009. As provided for in Exhibits attached hereto, plaintiff [*sic*]

14

failed to provide the American Express receipts for October, 2012, to September, 2013 [*sic*]." Def. Ltr. Motion 4.

The Court disagrees. The exhibits to the motion do not show which documents Defendants received and when they received them. Thus, Defendants have not met their burden of demonstrating that Plaintiffs failed to adhere to the Court ordered discovery deadlines sufficient to establish that preclusion is warranted. As a result, the motion to prevent the use of these documents is denied.[10]

## ii. *Failure to Identify Which Documents Defendants Seek to Preclude*

Alternatively, the Court denies the motion because Defendants fail to sufficiently identify which specific documents they seek to preclude. Defendants state that they object to any and all documents identified by Plaintiffs not timely produced in discovery in a recent version of a proposed joint pretrial order.[11] Although the

---

[10] In reaching this conclusion, the Court notes that Plaintiffs' re-bates stamping and alleged late production of documents appears to have taken place three years ago, and Defendants have suffered no prejudice even if the production was late. *See Oleg Cassini, Inc. v. Electrolux Home Products, Inc.*, No. 11-cv-1237, 2013 WL 3056805, at *3 (S.D.N.Y. June 19, 2013) (*"Once* a party's disobedience is established, the court has broad discretion to impose sanctions tailored to the offensive conduct.") (emphasis added) (citation omitted).

[11] The Minute Order following the October 10, 2019 status conference in this matter instructed: "Defendant will serve on Plaintiff its portion of the pretrial order on or before October 15, 2019. On or before November 15, 2019, Plaintiff will file the completed proposed pretrial order containing all sides reservations of objections indicated within the document." *See* DE [76]. As described at *supra* note 1, on October 16, 2019, Defendants filed a joint proposed pre-trial order containing their objections, which also included Plaintiffs' proposed exhibit lists as set forth above. *See* Proposed Order ("Defendants' Proposed Pre-Trial Order" of "Def. Proposed Pre-Trial Order"), DEs [77], [77-1]. Defendants' Proposed Pre-Trial Order contained an objection: "Defendant objects to any and all documents identified by Plaintiff [*sic*] not timely produced in discovery." Def. Proposed Pre-Trial Order, 9. However, this objection is absent from the Proposed Pre-Trial Order filed on November 19, 2019. The Court is unsure of the reason for the discrepancy and will consider this objection to continue.

documents at issue in this case are apparently all bates-stamped, Defendants expect the Court to cross reference Plaintiffs' Pre-Trial Memo and assume that the categories of bates-stamped documents listed on Plaintiffs' proposed exhibit list for years other than "portions of 2009, to October, 2012" were untimely produced. The Court declines to do so. As a result, even if Defendants had effectively demonstrated that Plaintiffs failed to adhere to the Court's discovery orders, the Court still cannot discern from Defendants' motion which specific bates-stamped documents Defendants are seeking to exclude. Thus, due to the lack of clarity in the specific relief sought, their motion *in limine* is denied on this ground as well. *See Wood v. Sempra Energy Trading Corp.*, No. 03-CV-986, 2005 WL 3465845, at \*6, n.1 (D. Conn. Dec. 9, 2005), *aff'd*, 225 F. App'x 38 (2d Cir. 2007) (denying a plaintiff's request to preclude evidence based upon the defendant's failure to properly comply with discovery where Plaintiff did not identify the particular exhibits she sought to preclude in her motion *in limine*); *see also Viada v. Osaka Health Spa, Inc.*, No. 04-cv-2744, 2005 WL 3435111, at \*1 (S.D.N.Y. Dec. 12, 2005) (denying motions *in limine* for being too vague in that "they [did] not specify the writings or potential testimony that the movants believe[d] should be excluded from the trial" and where the Court could not determine "with any degree of certainty, whether the writings and testimony sought to be excluded from the trial would be inadmissible under any of the provisions of the Federal Rules of Evidence.").

## IV. Conclusion

For the reasons set forth above, Defendants' motion *in limine* is denied. The parties will appear on October 15, 2020 at 11:30 a.m. for a telephonic conference to set a trial date.

**SO ORDERED**

Dated: Central Islip, New York
September 22, 2020    /s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge